# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN ROBERT DEMOS, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-104 |
| | ) | |
| THE U.S., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, John Robert Demos, brings this patently frivolous claim seeking an advisory opinion from the Court.[1]  *See* doc. 1.  He also seeks to proceed *in forma pauperis* (IFP).  Doc. 4.  As he has accumulated multiple strikes under the Prison Litigation Reform Act (PLRA), this case should be **DISMISSED** and the motion to proceed IFP should be **DENIED AS MOOT**.

---

[1] The Federal Courts have long declined to issue purely advisory opinions.  *See, e.g., Miller v. F.C.C.*, 55 F.3d 1140, 1145 (11th Cir. 1995) ("The prohibition on advisory opinions is a logical corollary of the case or controversy requirement. 'Thus, no justiciable controversy is presented . . . when the parties are asking for an advisory opinion . . . .'"(quoting *Flast v. Cohen*, 392 U.S. 83, 95, (1968))).

Plaintiff has been filing frivolous lawsuits in the federal courts for decades, many of which have been deemed meritless.   *See, Demos v. Kincheloe*, 563 F.Supp. 30, 31 (E.D. Wash. 1982) (noting that plaintiff has filed 184 actions prior to December 1982); *Demos v. Doe*, 2006 WL 891447, at *1 (D.N.J. Apr. 4, 2006) (listing 25 prior cases dismissed as frivolous or for failure to state a claim); *Demos v. U.S. Sec. of Defense*, 2013 Wl 80167, at *1, n 1 (D. Mass. Jan. 3, 2013) ("Demos has filed hundreds of cases throughout the country, and has been deemed to be an abusive litigant. He has been enjoined in a number of courts, and is a three-strikes litigant pursuant to 28 U .S.C. § 1915(g).").    Under PLRA, an indigent prisoner is barred from proceeding IPF after filing three meritless actions, "unless the prisoner is under imminent danger of serious physical injury."   28 U.S.C. § 1915(g).  Multiple courts, including the Eleventh Circuit, have already recognized that plaintiff has accumulated at least three strikes. *See Demos v. Obama*, Case No. 10-12299 (11th Cir. May 19, 2020) ("This Court has determined that the "three strikes" provision of the Prison Litigation Reform Act of 1995 is applicable to you." (citation omitted)); *Demos v. Keating*, 33 F. App'x. 918, 919–20 (10th Cir. 2002) ("Mr. Demos, while incarcerated, has had three or more prior civil actions dismissed as

frivolous, malicious, or for failure to state a claim upon which relief can be granted. To date, Mr. Demos has accumulated at least three strikes in federal court." (internal citation omitted)); *Demos v. John Dow*, 118 F.Supp.2d 172, 173–74 (D. Conn. 2000) (identifying nine cases qualifying as strikes under PLRA); *Demos v. Washington*, 2015 WL 13735522, at \*3 (S.D. Fla. Jan. 13, 2015) ("It is well-beyond dispute that Plaintiff has filed at least three cases which fit the criteria of the statute."). The only exception to § 1915(g) is if plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). As he does not allege that he is at risk of physical danger, this complaint is barred by § 1915(g) and should be **DISMISSED**.

The Court notes that plaintiff is subject to multiple filing restrictions imposed by other federal courts. These include the Supreme Court, *Demos v. Storrie*, 507 U.S. 290 (1993), Ninth Circuit, *Demos v. U.S. District Court for the Eastern District of Washington*, 925 F.2d 1160, 1161 (9th Cir. 1991), Tenth Circuit, *Demos v. Keating*, 33 Fed. App'x 918, 920–21 (10th Cir. 2020), D.C. Circuit, *Demos v. Reno*, 159 F.3d 636, 1998 WL 203139 (D.C. Cir. 1998); Court of International Trade, 31 C.I.T. 789, 792 (Ct. Int'l Trade 2007), Court of Federal Claims, *Demos v. United States*, CV1:07-028, doc.

4 at 2 (Fed. Cl. Feb. 22, 2007), and multiple district courts, *see, e.g. Demos v. Kincheloe*, 563 F.Supp. 30, 33 (E.D. Wash. 1982), *In re: John Demos*, MC2:91-269, doc. 4 (W.D. Wash. Jan. 16, 1992), *Demos v. Gen. Elec.*, 2017 WL 4341145, at *2 (D. Vt. Jun. 6, 2017).   Though it does not appear that these efforts have abated plaintiff's surfeit of filings, this Court is no more inclined to tolerate abuse of the judicial process than its sisters.   *See Procup v. Strickland*, 792 F.2d 1069, 1073–74 (11th Cir. 1986) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.").   It seems apparent that similar filing restrictions are appropriate to dissuade plaintiff's vexatious habits; however, as this matter should be dismissed on other independent grounds, it is not necessary for the Court to take such action at this time.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.   Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.   The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."   Any request for additional time

to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 25th day of June, 2020.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA